Jon P. Jacobs (SBN 205245)
Ryan H. Gomez (SBN 305208)
LAW OFFICES OF JON JACOBS
5701 Lonetree Blvd., Suite 202
Rocklin, CA 95765
Telephone: (916) 663-6400
Facsimile: (916) 663-6500

Attorneys for Plaintiff
JOSHUA MATTSON

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MATTSON, | CASE NO.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| POLARIS INDUSTRIES, INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff alleges at all relevant times:

## JURISDICTION

1. This Court has federal question jurisdiction under Title 15 U.S.C. § 2310(d), and Title 28 U.S.C. § 1331 as well as supplemental jurisdiction over plaintiff's state law claims under Title 28 U.S.C. 1367. The amount in controversy exceeds $50,000.00, exclusive of costs and interest.

## PARTIES

2. Plaintiff JOSHUA MATTSON (hereinafter "Plaintiff"), at all times relevant, was and still is a competent adult residing in Sacramento County California.

3. Defendant POLARIS INDUSTRIES, INC. (hereinafter "Polaris"), at all times relevant, was and is a Delaware Corporation with its principal place of business in Medina Minnesota.

## FACTS COMMON TO ALL COUNTS

4. On or about November 17, 2015, Plaintiff purchased a 2016 Polaris RZR Turbo XP, VIN: 3NSVDE992GF454336 ("Unit") in California, which was manufactured and/or distributed, and warranted, by Polaris.

5. In connection with the transaction, Polaris issued to Plaintiff express warranties within the meaning of Cal. Civ. Code § 1791.2, which were also written warranties within the meaning of 15 U.S.C. § 2301(6). By the terms of the express warranties, Polaris promised that the Unit's materials and workmanship would be free of defects, undertook to preserve and maintain the utility and performance of the Unit, and to provide compensation if there is any failure in utility or performance, and agreed to refund, repair, replace, or take other remedial action with respect to the Unit.

6. Plaintiff purchased the Unit primarily for personal, family, or household purposes.

7. Subsequent to Plaintiff's purchase, the Unit did not perform as stated for the time specified, and did not match the quality as set forth, in the warranties. The Unit exhibited numerous defects and nonconformities covered by the warranties.

8. Plaintiff delivered the nonconforming Unit to Polaris and/or its authorized repair facilities for repairs pursuant to the terms of the warranties. After a reasonable number of repair opportunities, Polaris has failed to repair the Unit to match the express warranties provided.

### FIRST CAUSE OF ACTION
#### Violation of Cal. Civ. Code § 1793.2(d)—Song–Beverly Consumer Warranty Act
#### Against Polaris

9. Plaintiff incorporates all preceding paragraphs.

10. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1791(b).

11. The Unit is a "consumer good" as defined by Cal. Civ. Code § 1791(a).

12. Polaris is a manufacturer and/or distributor as defined respectively in Civil Code §§ 1791(j), (e).

13. Polaris is a "warrantor" as contemplated by Cal. Civ. Code § 1795.

Mattson v. Polaris                                              Complaint; Demand for Jury Trial

14. Plaintiff's purchase of the Unit was a "sale" as defined by Cal. Civ. Code § 1791(n).

15. Polaris violated the Song–Beverly Consumer Warranty Act by failing to conform the Unit to the express written warranties within a reasonable number of repair opportunities and/or within the warranty periods, and by failing to promptly replace the Unit or make restitution to Plaintiff.

16. Plaintiff has not made unreasonable or unintended use of the Unit.

17. Pursuant to Cal. Civ. Code § 1793.2(d), Polaris must refund the price of the Unit to Plaintiff.

18. Pursuant to Cal. Civ. Code § 1794(a), Plaintiff is entitled to restitution.

19. As a direct and proximate result of said violations of the Song–Beverly Act, Plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of $25,332.92 according to proof.

20. The failure of Polaris to comply with the Song–Beverly Act was willful in that Polaris had actual knowledge of the Unit's defects, malfunctions, and nonconformities, knew of its legal duties under the warranties and the Act, but repeatedly refused to make necessary repairs and/or provide a refund or replacement.

21. Pursuant to Cal. Civ. Code § 1794(c), Plaintiff is entitled to a civil penalty of two times the amount of Plaintiff's actual damages.

22. Pursuant to Cal. Civ. Code § 1794(d), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

## SECOND CAUSE OF ACTION
### Violation of Cal. Civ. Code § 1793.2(b)—Song–Beverly Consumer Warranty Act
### Against Polaris

23. Plaintiff incorporates all preceding paragraphs.

24. Pursuant to Cal. Civ. Code § 1793.2(b) Polaris's authorized repair facility was required to repair the Vehicle within 30-days, but failed to complete repairs within 30-days so as to conform the Vehicle to the applicable express warranties.

25. Plaintiff did not agree in writing to extend the number of days Polaris's authorized repair facility had to complete the repairs so as to conform the Vehicle to the applicable express warranties.

26. Polaris's delay in repairing the Vehicle within 30-days was not caused by conditions beyond its control.

27. As a proximate result of the violations of the Act, Plaintiff has sustained and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $25,332.92.

28. The failure of Polaris to comply with the Song–Beverly Act was willful in that Polaris had actual knowledge of the Vehicle's defects, malfunctions, and nonconformities, knew of its legal duties under the warranties and the Act, but failed to promptly repair the Vehicle.

29. Pursuant to Cal. Civ. Code § 1794(c), Plaintiff is entitled to a civil penalty of two times the amount of Plaintiff's actual damages.

30. Pursuant to Cal. Civ. Code § 1794(d), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

### THIRD CAUSE OF ACTION
### Violation of Cal. Civ. Code § 1791.1(a)—Song–Beverly Consumer Warranty Act
### Against Polaris

31. Plaintiff incorporates all preceding paragraphs.

32. Pursuant to Cal. Civ. Code § 1792, the Unit was accompanied by each defendant's implied warranty that the goods are merchantable.

33. Pursuant to Cal. Civ. Code § 1793, and because of the existence of the express warranty, each defendant may not disclaim, limit, or modify the implied warranties provided by the Song–Beverly Act.

34. Each defendant breached the implied warranty of merchantability as stated in Cal. Civ. Code §§ 1791.1 and 1792 in that the above-described defects, malfunctions, and nonconformities render the Unit unfit for the ordinary purposes for which it is used, and it would not pass without objection in the trade.

Mattson v. Polaris                                                    Complaint; Demand for Jury Trial

35. Pursuant to Cal. Civ. Code § 1794(a), Plaintiff is entitled to restitution.

36. As a direct and proximate result of said breach of implied warranty, Plaintiff has sustained and continues to sustain, actual, incidental and consequential damages in the approximate amount of $25,332.92 according to proof.

37. Pursuant to Cal. Civ. Code § 1794(d), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

### FOURTH CAUSE OF ACTION
### Violations of the Magnuson–Moss Warranty Act
### <u>Against Polaris</u>

38. Plaintiff incorporates all preceding paragraphs.

39. The Unit is a "consumer product" as defined by 15 U.S.C. § 2301(1).

40. Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3).

41. Polaris is a "supplier" and a "warrantor" as defined respectively by 15 U.S.C. §§ 2301(4) and (5).

42. The express written warranties are "written warranties" as defined by 15 U.S.C. § 2301(6).

43. In accordance with Polaris's express written warranty, Plaintiff delivered the Vehicle to Polaris's authorized repair facility to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Unit, Plaintiff notified Polaris and its representative of the characteristics of the defects. However, Polaris's authorized repair facility failed to repair the Vehicle so as to conform the Unit to its express written warranty, and thereby breaching said warranty, on each occasion.

44. Additionally, the provisions of Cal. Civ. Code §§ 1793.2(d), and (b) existed at the time Polaris gave the express warranty to Plaintiff, and for that reason those provisions were and are incorporated into the terms of the express written warranty by operation of California Law. *Swenson v. File*, 3 Cal.3d 389, 393 (1970); *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, Polaris's violations of Cal. Civ. Code §§ 1793.2(d), and/or (b) are a breach of Polaris's express written warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

5

45. Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance of the Unit and rescinds the contract. Plaintiff is entitled to restitution of all consideration given.

46. As a proximate result of the violations of the Act, Plaintiff has sustained and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $25,332.92.

47. The failure of Polaris to comply with its obligations under the express written warranty was willful in that Polaris had actual knowledge of the Unit's defects, malfunctions, and nonconformities, knew of its legal duties under the warranties and the Act, but repeatedly refused to make necessary repairs and/or provide a refund.

48. Pursuant to 15 U.S.C. § 2310(d) and Cal. Civ. Code § 1794(c), Plaintiff is entitled to a civil penalty of two times the amount of Plaintiff's actual damages.

49. Polaris does not maintain an informal dispute resolution mechanism that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

50. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

**FIFTH CAUSE OF ACTION**
**Breach of Implied Warranty—Magnuson–Moss Warranty Act**
**Against Polaris**

51. Plaintiff incorporates all preceding paragraphs.

52. Pursuant to 15 U.S.C. § 2301(7), the breaches by each defendant of the state-law implied warranties, as set forth above, also constitute breaches of the implied warranties pursuant to the Magnuson–Moss Warranty Act.

53. Pursuant to 15 U.S.C. § 2310(d)(1), and because of said breaches of implied warranties, Plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance, rescinds the contract, and claims full restitution.

Mattson v. Polaris                                    Complaint; Demand for Jury Trial

54. As a proximate result of the breaches of implied warranties, Plaintiff has sustained and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $25,332.92.

55. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

## SIXTH CAUSE OF ACTION
### Violation of Consumers Legal Remedies Act
#### Against Polaris

56. Plaintiff incorporates all preceding paragraphs herein.

57. Polaris is a "person" as that term is defined in Cal. Civ. Code § 1761(c).

58. The above-described sale of the Unit is a "transaction" as that term is defined in Cal. Civ. Code § 1761(e).

59. Polaris possessed knowledge of the defects, non-conformities, and condition of the Unit prior to the sale of the Unit to Plaintiff, which include a potential for the Unit to catch fire under normal operation.

60. The defects, non-conformities, and condition of the Unit are material facts that Polaris was required to disclose, as the defects, non-conformities, and condition of the Unit posed serious safety risks to Plaintiff.

61. Polaris knew these material facts posed serious safety hazards to Plaintiff prior to selling the Unit to Plaintiff, as evidenced by the fact that Polaris published numerous recalls prior to and/or shortly after selling Unit to Plaintiff.

62. Polaris failed to disclose these material facts to Plaintiff prior to the sale of the Unit.

63. Plaintiff would not have purchased the Unit had these material facts been disclose prior to the sale.

64. Polaris's failure to disclose these material facts was intended to, and did, result in the sale of the Unit to Plaintiff.

65. Polaris violated Civil Code § 1770, subdivisions (a)(1), (a)(2), (a)(5), (a)(7), (a)(9), (a)(14), (a)(15), and (a)(16) at the time of sale and each and every time thereafter that it failed to disclose, failed to repair, and/or failed to authorize necessary repair work on the

7

1    Unit while it was at Polaris's service department/dealer when such repair(s) may have or

2    would have remedied the Unit's problems.

3  66.  Polaris violated these same subsections when it took Plaintiff's money and sold the Unit

4    to Plaintiff representing it had been thoroughly inspected and was free of problems or

5    defects.

6  67.  Polaris, through the express warranty provided, represented to Plaintiff the material fact

7    the warranty contract would cover any failure in utility or performance, including failure

8    of the aforementioned parts, and concealed and suppressed from Plaintiff the material

9    fact that many such parts were defectively designed and/or installed and/or manufactured,

10    and that Polaris did not intend to honor warranty claims for failures of such parts.

11    Plaintiff was unaware of the falsity of the representations and unaware of the concealed

12    facts. Plaintiff acted in reliance on the truth of the representations and would not have

13    bought the Unit, nor continued to own it and/or continue to have it serviced under

14    warranty.

15  68.  Plaintiff was justified in relying upon the truth of the representations because Plaintiff

16    had no knowledge of any facts indicating that the promises made in Polaris's warranty or

17    those made by Polaris ensuring it could fix the Unit, should not be believed.

18  69.  Because of said violations, Plaintiff is entitled to rescind the contract and to obtain

19    restitution of all consideration paid. Under Civil Code § 1780(a)(1) Plaintiff hereby

20    rescinds the contract and respectfully under the law demands full restitution of all money

21    paid pursuant to said contract.

22  70.  Pursuant to Civil Code § 1780(a)(4) Plaintiff is entitled to punitive damages.

23  71.  Under Civil Code § 1780(d), Plaintiff is entitled to costs and reasonable attorneys' fees

24    according to proof.

25  72.  More than 30-days before commencing this action, Plaintiff separately notified Polaris in

26    the manner prescribed by Code of Civil Procedure § 1782(a) of the particular violations

27    alleged in this CAUSE OF ACTION and demanded that it make rectification. Polaris has

28    not provided such rectification

Mattson v. Polaris                                    Complaint; Demand for Jury Trial

**PRAYER FOR RELIEF**

(1)   A declaration that the sales contract is rescinded;

(2)   A declaration that Polaris has been given a reasonable number of repair attempts and/or days to conform the Unit to the warranty;

(3)   Actual damages according to proof;

(4)   Restitution of all consideration given by Plaintiff and/or paid out toward the Unit;

(5)   Civil penalties under the Song-Beverly Act in the amount of two times actual damages;

(6)   Punitive damages under the Consumer Legal Remedies Act.

(7)   Reasonable attorneys' fees according to proof;

(8)   Costs and expenses reasonably incurred in connection with this action; and

(9)   Such other relief as the Court deems just and proper.

Dated: January 15, 2019

LAW OFFICES OF JON JACOBS

Jon P. Jacobs
Ryan H. Gomez
Attorneys for Plaintiff
JOSHUA MATTSON

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: January 15, 2019

LAW OFFICES OF JON JACOBS

Jon P. Jacobs
Ryan H. Gomez
Attorneys for Plaintiff
JOSHUA MATTSON

Mattson v. Polaris                                    Complaint; Demand for Jury Trial